ORIGINAL

FILED
U.S. DISTRICT COURT
2008 JUL 17 PM 1:29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VERNON LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-063 |
| ) | |
| BILLY BROWN, Warden, Dodge State ) | |
| Prison, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison ("DSP") located in Chester, Georgia, commenced the above captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing the above-captioned complaint, the Court finds the following. Plaintiff names Billy Brown, Warden, DSP, as Defendant. (Doc. no. 1, Compl., pp. 1 & 3). Plaintiff submits that Defendant was deliberately indifferent to his serious medical need. (See id. at 3).

Plaintiff alleges that, on May 8, 2008 while his "detail" was working on Goldon Road in Dodge County, Georgia, he injured his back while fleeing a bobcat. (Id. at 3). Plaintiff complains that it took approximately 45 minutes to be transported to the emergency room, where he waited approximately 20 minutes before he was examined by a physician. (Id.). Plaintiff contends that he has been suffering from lower-back pain, that he has been under mental stress and anguish, and that he is now "a little leary [sic] from working along theis [sic] roads and wooded places." (Id.). As relief, Plaintiff requests "medicine for [his] back" as well as unspecified punitive damages. (Id. at 4). Notably, Plaintiff submits that he did not present the facts related to his claim in the state prisoner grievance procedure because he was "unaware [he] could." (Id. at 2).

## II. SCREENING OF COMPLAINT

### A. Exhaustion of Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's ("PLRA") mandatory exhaustion requirement applies to all federal claims brought by any

2

inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to properly exhaust a claim, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90-91 (internal quotation omitted). If an inmate fails to complete the administrative process or falls short of compliance with procedural rules governing inmate grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 81 (2006). Simply put, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

In this case, it is clear from the face of the above-captioned complaint that Plaintiff has failed to exhaust his administrative remedies prior to commencing the above-captioned case. Plaintiff candidly admits that he did not even utilize the administrative procedure. (Doc. no. 1, Compl., p. 2). In this regard, even if Plaintiff had argued that the Court should exempt him from the exhaustion requirement due to an alleged delay in obtaining relief or due to the purported urgent nature of the issues presented in this case, such an argument

would not serve to obviate the exhaustion requirement. Therefore, the above-captioned complaint should be dismissed, without prejudice, because Plaintiff failed to exhaust administrative remedies.[2]

## B. No Liability Based on *Respondeat Superior*

To the extent Plaintiff alleges that administrative remedies were not "available,"[3] he still fails to state a claim against Defendant upon which relief may be granted. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged

---

[2]The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 920-21; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of the above-captioned complaint that Plaintiff failed to exhaust his administrative remedies, the Court can properly recommend that the above-captioned complaint be dismissed. See Anderson v. Donald, Civil Case No. 06-16322 (11th Cir. Jan. 8, 2008) (finding that the district court properly dismissed the complaint because the allegations therein sufficed to establish that Plaintiff failed to exhaust his administrative remedies).

[3]Although Plaintiff fails to explain why he was "unaware" that he could pursue administrative remedies, in an abundance of caution, the Court notes that the Eleventh Circuit has held that an administrative remedy is not "available," within the meaning of the PLRA, if the remedy or its requirements are unknown to the inmate and cannot be discovered through reasonable efforts by the time they are needed. Goebert v. Lee County, 510 F.3d 1312, 1322-23 (11th Cir. 2007).

4

constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant participates in his, or any other inmate's, medical treatment.[4]

Similarly, Plaintiff fails to allege a "causal connection" between Defendant and the alleged constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

---

[4] On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. 1988).

[5] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

In this case, Plaintiff has not alleged the necessary causal connection, with respect to Defendant, to hold him liable for the alleged constitutional violation. Plaintiff has proffered no facts suggesting that Defendant was responsible for a custom or policy affecting his medical treatment or that Defendant knew about any widespread abuses related the medical treatment of DSP inmates.[6] Simply put, Plaintiff has failed to state a claim against Defendant based on his position as the DSP Warden. Therefore, to the extent Plaintiff alleges that administrative remedies were not "available," he still fails to state a claim against Defendant upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the above-captioned complaint be **DISMISSED** because Plaintiff has failed to exhaust administrative remedies or to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of July, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] In this regard, although Plaintiff names Billy Brown, Warden, DSP, as Defendant, he fails to mention Defendant or assert any allegations of wrongdoing related to Defendant anywhere in his statement of claim. On that basis alone, Plaintiff's claim against Defendant could be dismissed. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").