ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VERNON LEE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 308-063 ) |
| BILLY BROWN, Warden, Dodge State Prison, | ) ) ) ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.

Plaintiff objects to the Magistrate Judge's recommendation that the above-captioned complaint be dismissed because he failed to exhaust administrative remedies or to state a claim upon which relief may be granted.[1] (Doc. no. 12). In pertinent part, Plaintiff contends that he was unaware that a grievance procedure was available. (Id. at 1). Plaintiff maintains that, if he were aware of its existence, he would have followed the administrative remedy

---

[1] Specifically, the Magistrate Judge determined that it was clear from the face of the above-captioned complaint that Plaintiff failed to exhaust administrative remedies prior to commencing the above-captioned case. (Doc. no. 10, pp. 2-4). Furthermore, the Magistrate Judge determined that, to the extent Plaintiff alleges that administrative remedies were not "available," Plaintiff still failed to state a claim against Defendant based on his position as Warden of Dodge State Prison ("DSP"). (Id. at 4-6).

procedure. (Id. at 2). Plaintiff submits that prison officials "do not want [prisoners] to know these rules." (Id.). Plaintiff also explains that, while he has been incarcerated at DSP, there have been several other "incidents of negligence." (Id.).

Plaintiff's objections are without merit. First, it should be noted that Plaintiff has proffered no facts suggesting that he made any attempt to discover whether administrative remedies were available. Assuming, *arguendo*, that administrative remedies were unavailable to Plaintiff because the requirements were unknown and could not have been discovered through reasonable efforts, Goebert v. Lee County, 510 F.3d 1312, 1322-23 (11th Cir. 2007), the Magistrate Judge correctly explained that, to hold Defendant liable, Plaintiff must demonstrate that either (1) Defendant actually participated in the constitutional violation, or (2) there is a causal connection between the actions of Defendant and the alleged constitutional violation. (Doc. no. 10, pp. 4-5 (citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999))). Although Plaintiff contends that there have been several incidents of negligence while he has been incarcerated at DSP,[2] the Magistrate Judge properly determined that Plaintiff does not contend that Defendant participated in his medical treatment. Furthermore, Plaintiff fails to allege a causal connection between the actions of Defendant and the alleged constitutional violation. Indeed, Plaintiff does not mention Defendant anywhere in his statement of claims, let alone proffer any facts suggesting that Defendant was responsible for a custom or policy affecting his medical treatment or that Defendant

---

[2]Plaintiff alleges that, after injuring his back while fleeing a bobcat on May 8, 2008, it took approximately 45 minutes to be transported to the emergency room, where he waited approximately 20 minutes before he was examined by a physician. (Doc. no. 1, Compl., p. 3).

2

knew about any widespread abuses related to the medical treatment of inmates. Simply put, Plaintiff has failed to state a claim against Defendant based on his position as Warden of DSP.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, the above-captioned complaint is **DISMISSED** because Plaintiff has failed to exhaust administrative remedies or to state a claim upon which relief can be granted, and this civil action is **CLOSED**.

SO ORDERED this 8th day of August, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE